UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAZO RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | No. 2:19-cv-1391 DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff initiated this action by filing a document entitled "Motion for Order." (ECF No. 1.) Therein, plaintiff sought an order requiring the warden to release him from school and permit him to work. Because plaintiff failed to initiate this action by filing a complaint, the court ordered him to do so. (ECF No. 3.) The court further ordered plaintiff to either file a motion to proceed in forma pauperis or pay the filing fee. (<u>Id.</u>)

In a document filed here on August 27, 2019, plaintiff states that he will not file a complaint because he has learned that he must first exhaust his administrative appeals through the prison. (ECF No. 4.) Plaintiff seeks to stay these proceedings so that he can complete the administrative appeal process.

Plaintiff is advised that if he wishes to initiate a case under 42 U.S.C. § 1983, he must first exhaust his prison appeals. 42 U.S.C. § 1997e(a). This court may not stay these proceedings to permit plaintiff to exhaust. Section 1997e(a) requires a prisoner to exhaust administrative

1

remedies before filing suit in federal court. Therefore, this action should be dismissed without prejudice so that plaintiff may file a new action after he has exhausted his prison appeals.

Plaintiff is warned that in order to properly exhaust his prison appeals, he must adhere to all deadlines and prison rules for filing appeals. See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so properly"). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Id. §§ 3084.2(a)(4).

After plaintiff has exhausted his prison appeals, he may then file an action in this court by doing two things: (1) filing a civil rights complaint under 42 U.S.C. § 1983, and (2) either paying the filing fee or filing a motion to proceed in forma pauperis.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that this case be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

////

2

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/rami1391.fte fr